**GREENWICH SERVICES, INC., Appellant**

v.

**DISTRICT 1199C, NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES.**

No. 06–4951.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) April 8, 2008.

Filed: April 11, 2008.

Bernard M. Schneider, Brucker, Schneider & Porter, Pittsburgh, PA, for Appellant.

Lance Geren, Freedman & Lorry, Philadelphia, PA, for District 1199C, National Union of Hospital and Health Care Employees.

Before: SMITH, HARDIMAN, and COWEN, Circuit Judges.

## OPINION

SMITH, Circuit Judge:

Greenwich Services, Inc. ("Greenwich") appeals the decision of the United States District Court for the Eastern District of Pennsylvania granting summary judgment in favor of District 1199C, National Union of Hospital and Health Care Employees ("Union") and confirming the arbitrator's award in favor of the Union. We will affirm the judgment of the District Court because the arbitrator's determination drew its essence from the collective bargaining agreement and is supported by the record.

Greenwich and the Union were signatories to a collective bargaining agreement ("Agreement"). The Union filed a grievance contending that Greenwich had an obligation to pay accrued vacation to those employees whose employment under Greenwich had concluded. Greenwich refused to pay, arguing that the employees were not entitled to accrued vacation pay under the terms of the Agreement because they failed to give notice of their resignations, and because Greenwich had not otherwise terminated or laid them off. The dispute was submitted to arbitration. The arbitrator issued an arbitration Opinion and Award on June 27, 2006, concluding that the contract between the parties entitled any individual who was separating from the employer to receive accrued vacation pay, regardless of the circumstances of the separation. Subsequently, Greenwich filed a complaint in the District Court to vacate the arbitration award in favor of the Union. The parties submitted a joint stipulation of the facts and upon cross-motions for summary judgment, the District Court entered judgment in favor of the Union. Greenwich timely appealed.[1]

Our review of the District Court's decision is plenary, and we apply the same standard as the District Court in reviewing the arbitration award. *Pennsylvania Power Co. v. Local Union No. 272, Int'l Bhd. of Elec. Workers, AFL–CIO,* 276 F.3d 174, 178 (3d Cir.2001). We are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract. *United Paperworkers Int'l. Union, AFL–CIO v.*

---

1. The District Court had jurisdiction over the complaint and the counterclaim pursuant to section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). This Court has appellate jurisdiction over the District Court's grant of summary judgment pursuant to 28 U.S.C. § 1291.

*Misco, Inc.,* 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). Our review is "confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract." *Id.* at 37, 108 S.Ct. 364. If the arbitrator's award "draws its essence from the collective bargaining agreement," and is not merely "his own brand of industrial justice," the award will not be overturned. *Id.* at 36, 108 S.Ct. 364 (quotation omitted).

■ Greenwich argues that the only dispute arising out of the grievance is whether it terminated the employees, and that the arbitrator was outside the scope of her authority in granting an award to the Union after finding that the employees were not terminated. We disagree. It is the arbitrator's responsibility to interpret the scope of the parties' submissions. *Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs,* 357 F.3d 272, 279 (3d Cir.2004). While it is within this Court's province to review an arbitrator's interpretation, we must accord the same level of significant deference to an arbitrator's interpretation of the issue submitted as we do to the arbitrator's interpretation of the collective bargaining agreement. *Id.* (citations omitted).

Here, the arbitrator determined that she could award accrued vacation pay because it was evident from the grievance that the gravamen of the dispute between the parties concerned the failure of Greenwich to pay accrued vacation pay to those employees who did not continue in its employ. Having carefully reviewed the record, we agree. Notably, the Grievance Form the Union submitted to Greenwich indicated that the "nature of the grievance" was the "refusal to pay accumulated vacation pay." While the Union indicated in its "statement of the case" that under Greenwich's policy its members had been effectively terminated and, as a result, were entitled to the accumulated vacation time, the arbitrator was within the scope of her authority to interpret the issue more broadly to determine if these members were entitled to accrued vacation time regardless of the circumstances of separation.

■ Greenwich also argues that the arbitrator's award was not rationally derived from the collective bargaining agreement. "We must enforce an arbitration award if it is based on an arguable interpretation of the collective bargaining agreement, and we may only vacate an award if it is entirely unsupported by the record or if it reflects a 'manifest disregard' of the agreement." *Exxon Shipping Co. v. Exxon Seamen's Union,* 73 F.3d 1287, 1291 (3d Cir.1996) (citing *News Am. Publ'n, Inc. v. Newark Typographical Union, Local 103,* 918 F.2d 21, 24 (3d Cir.1990)). Here, the arbitrator examined the provisions of the collective bargaining agreement that deal with the circumstances under which an employee is entitled to receive payment of unused vacation time that has accrued. The applicable provisions are as follows:

*Vacations:* Article XIII, Section 8: An employee who has quit or who has been discharged or who has lost his/her seniority pursuant to the terms of Article VII and who has not received his/her vacation from work with pay to which he/she is entitled will receive a vacation allowance, the amount of which is to be calculated in accordance with the last preceding paragraph.

*Miscellaneous:* Article XIX, Section 3: An Employee who gives notice of resignation, or whose employment is terminated, or who has been laid off, will be entitled to receive payment of unused vacation time accrued and personal holiday time accrued on the effective date of the resignation, termination or layoff.

Reading these provisions together, the arbitrator interpreted the contract as pro-

viding that accrued vacation was payable under any set of circumstances where separation from employment was at issue. These provisions of the collective bargaining agreement support the arbitrator's award. We conclude that the arbitrator's determination draws its essence from the collective bargaining agreement and does not manifest a disregard of the agreement. Therefore, we will affirm the judgment of the District Court.